**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:      Harris County Appraisal District v. American Multi-Cinema, Inc. (Studio 30 and Gulfpoint 30 Movie Theaters)

Appellate case number:    01-18-00786-CV

Trial court case number:   2016-50054

Trial court:              55th District Court of Harris County

Appellant, Harris County Appraisal District, timely filed a notice of appeal on August 29, 2018, from the final judgment signed by the trial court on June 4, 2018, in this property tax appeal after timely requesting findings of fact and conclusions of law on June 25, 2018. *See* TEX. R. APP. P. 26.1(a)(4). Appellant filed a docketing statement on September 10, 2018, indicating that both the clerk's and reporter's records had been requested and paid for, and that Gina Jackson was the official court reporter. Although the records were due on November 1, 2018, and the clerk's record was filed on November 7, 2018, the reporter's record has not been timely filed.

This Court's November 5, 2018 Order had ordered the official or substitute court reporter to file the reporter's record within 30 days of that Order. On December 7, 2018, because the reporter's record had not been timely filed, this Court ordered the official or substitute court reporter to file the reporter's record within 30 days of that order or this Court would issue an order directing the trial court to conduct a hearing to determine the reason for the failure to file the record. According to the district court's website, no court reporter is currently assigned to the 55th District Court of Harris County.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* TEX. R. APP. P. 35.3(c). To date, because neither the reporter's record nor an information sheet has been timely filed by the court reporter, this Court must abate this case for a show-cause hearing.

Accordingly, we sua sponte **abate** and **remand** this appeal for the trial court to immediately conduct a hearing at which the original court reporter, **Gina Jackson**, or the

substitute reporter, and counsel for the appellant and appellee shall be present. At the hearing, the court shall determine whether the reporter's record of the trial hearing(s) is lost or destroyed and, if so, enter findings of fact and conclusions of law as to whether the record is necessary to the appeal's resolution and, if it cannot be replaced by agreement of the parties, whether appellant is entitled to a new trial. *See* TEX. R. APP. P. 34.6(f)(2)-(4).

If the trial court determines that the reporter's record is not lost or destroyed, it should: (1) determine the reason for the failure to file the record; (2) establish a date certain when the record will be filed, in no event more than **20 days** from the date of the hearing; and (3) make findings of fact and conclusions of law as to whether **Gina Jackson,** the court reporter, should be held in contempt of court for failing to file, or to make arrangements for another reporter to file, the reporter's record timely as ordered.

The court coordinator of the trial court shall set a hearing date no later than **30 days** from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court shall have a court reporter record the hearing and file the reporter's record with the Clerk of this Court no later than **30 days** from the date of the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and conclusions, if any, with this Court **within 30 days of the date of the hearing**. If the court reporter files the requested reporter's record or info sheet **within 10 days** of the date of this Order, this Court may consider withdrawing this Order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record, the reporter's record, and supplemental reporter's record, if any, that comply with this Order, are filed in this Court.

It is so **ORDERED**.

Judge's signature: _____/s/ Evelyn V. Keyes_____

       x  Acting individually     ☐ Acting for the Court

Date: __January 17, 2019_____

2